IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SUSAN K. SWEAT, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | **1:11-CV-57 (WLS)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

**RECOMMENDATION**

Presently pending in this Social Security appeal is Defendant's Motion to Dismiss. (Doc. 11). Therein, Defendant contends that there is no case or controversy that has been presented, and the Court lacks jurisdiction over the action.

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on March 2, 2007, alleging a disability onset date of May 2, 1992. (Tr. 23, 92). A hearing was held before an Administrative Law Judge ("ALJ") in Macon, Georgia on June 16, 2009. (Tr. 25). At the hearing, Plaintiff, with the representation of counsel, withdrew her claim for disability insurance benefits, and alleged a new onset date of May 2005. (Tr. 30). Counsel for Plaintiff also requested that the ALJ consider reopening Plaintiff's previous application that was filed in May of 2005 and denied in December of 2005. (Tr. 17, 44). Thereafter, in a hearing decision dated June 26, 2009, the ALJ determined that Plaintiff was disabled as of her application date of March 2, 2007; however, he found insufficient evidence to reopen the 2005 claim. (Tr. 17-24). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the

Commissioner.  (Tr. 1-6).

Plaintiff has now filed this appeal, alleging that the ALJ constructively reopened Plaintiff's 2005 application in his June 2009 decision.  (Docs. 1, 15).  As such, Plaintiff maintains that the Court has jurisdiction over Plaintiff's appeal.  (*See id.*).

In *Califano v. Sanders,* 430 U.S. 99 (1977), the Supreme Court held that, absent a colorable constitutional claim, the Commissioner's decision not to reopen a claim for benefits is not subject to judicial review.  Once the Commissioner reopens a prior claim, either expressly or by considering the merits of the claim, judicial review is available.  *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985).

"Generally, a final decision by the [Commissioner] will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level'.  The ALJ, however, must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case."  *Passapulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992).  "While Eleventh Circuit opinions have used broad language stating that jurisdiction exists if a case is 'reconsidered on the merits to any extent', this exception to the rule set forth in *Califano* has not been applied broadly."  *Johns v. Apfel*, 2000 WL 33287443 *2 (M.D.Ala. Dec. 7, 2000).

In his June 2009 decision, the ALJ concluded that "after re-reviewing the evidence, [he did] not find good cause to reopen [the 2005] claim."  (Tr. 17).  The ALJ also stated that he found "insufficient evidence to justify reopening the 2005 claim."  (Tr. 17).  The Appeals Council, in its February 2011 decision, reviewed the ALJ's June 2009 decision and specifically noted that the ALJ "did not find good cause to reopen the December 2005 State Agency

unfavorable determination and so denied [Plaintiff's] request[.]"  (Tr. 3).   The Appeals Council went on to state that they

> looked at the earlier determination, and the reasons for it, only to see whether [the Social Security] rules gave any reason to reopen it.  [The Appeals Council] did not consider the merits of the determination.  Under [the Social Security] rules, [Plaintiff] do[es] not have the right to court review of the Administrative Law Judge's denial of [Plaintiff's] request for reopening.

(Tr. 3).

Upon an examination of the decisions of the ALJ and the Appeals Council, it is clear that neither the ALJ in his June 2009 decision nor the Appeals Council in its February 2011 decision expressly or impliedly reopened Plaintiff's 2005 application.   "[W]hen a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the [Commissioner] must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter."  *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985) (quoting *McGowan v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)).  "[A]n ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its *res judicata* effect on the second application." *Passapulos*, 976 F.2d at 646.

Herein, this is precisely the extent of the ALJ's determination, as he concluded that the lack of "good cause" prevented the reopening of the Plaintiff's 2005 application, rather than determining the merits of the 2005 application.   (Tr. 17-18).   The Appeals Council found that the decision not to reopen the 2005 application was not based on the merits of the 2005 determination, and therefore Plaintiff did not have the right to court review of the decision.   (Tr.

3).

Plaintiff contends that, because the ALJ stated that he re-reviewed the evidence when he made his determination not to reopen the case, he constructively reopened the case and made a determination regarding Plaintiff's disability. (Doc. 15). "The Commissioner's regulations clearly contemplate that an ALJ may consider, to some extent, the evidence presented in a previous application without reopening that previous application." *Johns*, 2000 WL 33287443 *3. Herein, the ALJ states that the evidence from 2005 supports the determination that Plaintiff was capable of performing a reduced range of light or sedentary work. It appears from the ALJ's decision that the new evidence provided in the March 2007 application and hearing did not provide any evidence from 2005-2007 that would justify reopening Plaintiff's May 2005 application. There is no indication that the ALJ reopened the case, but instead, he merely looked at the evidence presented to him at the hearing and decided not to reopen the 2005 application. *See Brown v. Sullivan*, 921 F.2d 1233, 1237 (11th Cir. 1991) ("If the [Commissioner] merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then he has not reopened that application.").

Plaintiff also appears to assert that she has a colorable constitutional claim that would allow the Court to retain jurisdiction. Plaintiff alleges that her due process rights were violated when she did not receive notice of the final decision of her 2005 application. (Docs. 1, 15).

The standard for determining if an action conforms with due process is whether notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to be heard." *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950).  A two-pronged analysis is used to determine if a colorable constitutional claim is raised when the plaintiff alleges that a deficient notice denied the plaintiff her right to due process.  *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002).  First, the Court must determine whether the notice is defective, and second, "if the notice is defective, whether the claimant's procedural due process rights were violated."  *Id.*

In this case, Plaintiff's husband testified at the evidentiary hearing that they received a notice stating Plaintiff's 2005 application was denied.  (Tr. 31).  He further testified that, after receiving the denial, Plaintiff sent in a handwritten letter explaining her situation.  (Tr. 31, 32).  There is no indication that the notice received by Plaintiff regarding the denial of her 2005 application was defective.  In fact, Plaintiff's husband stated that they received the notice and mailed in a handwritten letter explaining Plaintiff's situation.  Further, Plaintiff even asserts that this suffices as an appeal of the 2005 application.  (Doc. 15).  The undersigned finds that there is no evidence to show that the notice regarding the denial of Plaintiff's 2005 application was defective.  Therefore, Plaintiff has failed to show that there is a colorable constitutional claim that would allow the Court to review the ALJ's decision not to reopen the 2005 application.  *See Hood v. Shalala*, 1994 WL 585863, 2 (N.D. Ala. June 13, 1994) (finding no deficiency in the denial notice when the plaintiff sought reconsideration after receiving the denial notice).

## CONCLUSION

Plaintiff has failed to establish either the existence of a constitutional claim or that a reopening of her 2005 application has occurred.  Thus, Plaintiff has failed to establish a basis for this Court's jurisdiction.  Therefore, it is the recommendation of the undersigned that the Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment be

**GRANTED**.[1]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMEND**, this 9th day of March, 2012.

s/ **THOMAS Q. LANGSTAFF**

UNITED STATES MAGISTRATE JUDGE

llf

---

[1] It is recommended that the Commissioner's Motion be treated as both a Motion to Dismiss and a Motion for Summary Judgment.  In resolving the constitutional question, the parties and the Court considered matters outside the pleadings to determine if Plaintiff had properly stated a claim, which invoked Federal Rules of Civil Procedure 12(b)(6) and 12(d).  However, when determining if the Court lacked subject matter jurisdiction based on a factual attack, the Court looked outside the pleadings without converting the Motion to Dismiss into a Motion for Summary Judgment.  Thus, the undersigned recommends GRANTING the Commissioner's Motion to Dismiss regarding the lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and GRANTING summary judgment as to the constitutional claim.  *See Harris v. Bowen*, 1987 WL 123920, *3 (N.D. Ga. March 26, 1987) (granting the defendant's motion under Rule 12(b)(1) after finding that the ALJ did not reopen a prior application, and alternatively, granting the defendant's motion for summary judgment regarding the constitutional question as the court decided that issue on the merits).