**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| SUSAN K. SWEAT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-57 (WLS) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 9, 2012.  (Doc. 17).  It is recommended that the Social Security Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted.  (See generally id.).  Plaintiff timely filed her Objections.  Plaintiff's Objections assert that Judge Langstaff's recommended dismissal of her claim is inappropriate because (1) a colorable constitutional claim exists regarding lack of notice and (2) the Administrative Law Judge ("ALJ") constructively reopened her prior 2005 application by rendering a decision on the merits of the evidence submitted during that application.  (See generally Doc. 18).  For the following reasons, the Court **ACCEPTS-** and **ADOPTS-IN-PART** and **DENIES-IN-PART** the Report and Recommendation (Doc. 17) for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

I.    **DISCUSSION**

  A.    **Plaintiff's 1st Objection: A Colorable Claim Exists Regarding Lack of Notice**

  Plaintiff first argues that Judge Langstaff was incorrect for dismissing her claim because

she sufficiently alleged a colorable constitutional claim based on the fact that she never received notice of either a denial or approval of her Request for Reconsideration of her 2005 application. (Doc. 18 at 1).  Per Plaintiff, despite inquiring about her appeal several times, she never received proper notice either denying or approving the appeal.  (Id. at 2).  Therefore, Plaintiff alleges that the notice was defective, "amounting to a colorable constitutional claim, providing the jurisdiction necessary to survive the defendant's Motion to Dismiss."  (Id.)

In his Recommendation, Judge Langstaff reviewed the merits[1] of Plaintiff's constitutional claim and found that Plaintiff failed to show that there is a colorable constitutional claim that would allow the Court to review the ALJ's decision not to reopen the 2005 application.  (Doc. 17 at 5).  Judge Langstaff found that there was no evidence that the notice was defective since testimony adduced at the evidentiary hearing indicated that Plaintiff received the denial of her 2005 application.   Plaintiff contends that, in this respect, Judge Langstaff "confused the application denial with the reconsideration denial" in finding that Plaintiff had not stated a constitutional claim.  This Court agrees that Judge Langstaff's decision appears to have been mistakenly based on a finding that notice was not defective because the evidence shows that Plaintiff received notice of the denial of her initial application.  On the contrary, Plaintiff alleges

---

[1] There is a question as to whether this Court has subject matter jurisdiction to review a constitutional claim related to the original application, and not to the ALJ's reopening decision.  In Cherry v. Heckler, the Eleventh Circuit stated that "[a] constitutional claim relating to the first application is insufficient to confer subject matter jurisdiction over [an] appeal of the reopening decision."  760 F.2d 1186, 1190 n.4 (11th Cir. 1985).  Per the Eleventh Circuit, "[t]he constitutional issue must concern the proceeding at which the decision not to reopen was made.  Otherwise, constitutional claims arising out of an administrative proceeding could be preserved indefinitely through requests to reopen."  Id.  Other courts have seemingly endorsed this approach.  See Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989) (noting that "[t]he constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior decision was reached."); Rodriguez v. Apfel, 28 F. Supp. 2d 67, (D.P.R. 1998) ("[A] claimant's due process challenge to the denial of her reopening request may not be based on alleged errors in the denial of her prior claims."); Muldoon v. Astrue, 590 F. Supp. 2d 188, 193 (D. Mass. 2008) (finding that it lacked subject matter jurisdiction of plaintiff's constitutional claims since they related to an alleged denial of due process during the administrative review of plaintiff's prior determination, not to the Appeals Council's decision not to reopen plaintiff's prior claim); but see Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (rejecting Panages's dicta and noting that "§ 405(g)'s finality requirement is not limited to 'constitutional claims [that] relate to the manner or means by which the Secretary decided not to reopen a prior decision'").  However, this Court finds that similarly to Panages, the Eleventh Circuit's pronouncement in Cherry appears to be dicta, and as such, the Court will proceed as though it has subject matter jurisdiction to review a constitutional claim related to the prior application.

that she was denied due process because she never received notice denying her appeal of the 2005 application.  (See Doc. 15 at 6-8; Doc. 18 at 1-2).  However, this Court finds that this error was harmless since this Court too agrees that Plaintiff has failed to state a colorable claim for defective notice relating to a final decision on her Request for Reconsideration.

Plaintiff has no evidence that she actually filed an appeal of the denial of her 2005 application, except for vague witness testimony from her husband.  Nevertheless, in her response to Defendant's Motion to Dismiss/Motion for Summary Judgment, Plaintiff "asserts that she doesn't need proof of filing to have a colorable constitutional claim."  (Doc. 15 at 6).  However, Plaintiff cites no law in support of this proposition.  This Court has no way to determine whether Plaintiff has a "colorable" constitutional claim of defective notice without <u>any</u> evidence that an appeal was ever sent.  Moreover, even if Plaintiff alleges that she did not receive a final notice, Plaintiff has not alleged that she was prejudiced by an alleged non-receipt of a final notice, e.g., unable to file suit in district court to challenge the denial of her 2005 application for benefits.

**B.**     **Plaintiff's 2nd Objection: The ALJ Did More than Review the Evidence to Inquire into "Good Cause"; The ALJ Made a Decision Based on the Merits of the Available Evidence.**

As for whether the ALJ reconsidered Plaintiff's prior application on the "merits," Plaintiff argues that there is ample evidence to show that the ALJ's decision not to reopen her case was "a consideration [that] was based on the merits."  (Doc. 18 at 3).  As the parties and Judge Langstaff have noted, "a final decision…will be deemed reopened if it is reconsidered on the merits to any extent and at any administrative level."  <u>Cherry v. Heckler</u>, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985) (internal citations and quotations omitted).  Plaintiff points to discrete pieces of evidence in the record to indicate that the ALJ reviewed her 2005 application on the merits in deciding not to reopen it.

This Court agrees with Plaintiff that she has presented sufficient evidence to demonstrate that the ALJ considered the merits of her 2005 application to some "extent" in deciding that she was not disabled prior to March 2, 2007.  The most prominent evidence of such a merits determination is the fact that the ALJ stated in his decision that he reviewed the evidence from the 2005 claim and found that, "unlike the new evidence from 2007 forward, which shows a significant deterioration of the claimant's condition, the medical evidence from 2005 supports that Ms. Sweat was capable of a reduced range of light or sedentary work." (Doc. 12-2 at 18). Plaintiff argues that the ALJ's statement that "the medical evidence from 2005 supports that Ms. Sweat was capable of a reduced range of light or sedentary work" is indicative of a merits determination as to whether the evidence supported disability during the period from 2005 to 2007.  In his Motion to Dismiss, the Commissioner argues, on the contrary, that this "statement amount[s] to no more than an observation." (Doc. 11-1 at 7).  However, the Commissioner's characterization of this statement as an "observation" finds no support in the record before this Court and is therefore unsubstantiated.[2]   In fact, this Court finds that the record is more supportive of Plaintiff's interpretation of this statement as indicating some degree of a merits determination.

During the hearing, the ALJ specifically stated that he would "take a look at this 2005 issue as to whether there's enough evidence to reopen and whether indeed there is support for a,

---

[2] The ALJ also stated in a letter following his final decision that he "considered the additional evidence [Plaintiff's attorney] submitted in support of [her] argument that the claimant was disabled as early as May 2005" and that "as [he] indicated] at the hearing, [he] is not persuaded that the claimant could not perform at least sedentary work at all times prior to March 2, 2007." (Doc. 12-2 at 12). This does not sound like the "observation." This sounds like a conclusion made based on a merits determination of the evidence proffered.  Stated in other words, it appears that the ALJ was exercising his right not to apply issue preclusion as to Plaintiff's claim and to "reopen" the decision to reconsider whether the old evidence combined with the new evidence provided a basis for finding that Plaintiff was disabled from 2005 to 2007.  See Purter v. Heckler, 771 F.2d 682, 691 (3d Cir. 1985) ("[T]he Secretary has promulgated regulations which allow her to refuse to apply claim preclusion where it would be inequitable to do so. Where an applicant files the same claim for benefits after a final administrative or judicial decision on the merits, the initial claim may be reopened and reconsidered along with any new evidence provided in the subsequent application for benefits.")

a claim from 2005 and, and make that decision whether I will reopen." (Doc. 12-2 at 49).  On its face, the first portion of that statement–"take a look at this 2005 issue as to whether there's enough evidence to reopen"– does appear to indicate that the ALJ was simply taking "some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case under 20 C.F.R. § 404.988."  See Bello v. Comm'r of Social Sec., 460 Fed. Appx. 837, 841 (11th Cir. 2012).  However, the second portion of the statement– "take a look at this 2005 issue as to whether indeed there is support for a, a claim from 2005"–indicates that the ALJ's review was not going to be narrowly tailored to determining whether a discretionary reopening should take place.  Rather it was also geared towards deciding if there was enough evidence to support a disability from 2005.  The fact that the ALJ stated in his final determination that "the medical evidence from 2005 supports that Ms. Sweat was capable of a reduced range of light or sedentary work" also lends credence to the notion that the ALJ considered the merits of whether Plaintiff was disabled from 2005 to 2007.

In support of this Court's conclusions about the "scope" of the ALJ's review, the Court finds that the case Robertson v. Barnhart, No. 4:06-cv-22, 2006 WL 3526901 (W.D. Va. Dec. 1, 2006) is instructive as to whether a de facto reopening took place here.  In Robertson, the Commissioner made an award of benefits effective June 15, 2004.  Id. at *1.  The plaintiff had, however, sought to establish benefits beginning from June 1, 1998, a period which had been subject to a prior claim.  Id. at *1 n.1.  In determining that plaintiff was not disabled due to his mental impairments until June 15, 2004, the ALJ determined that "prior to June 15, 2004, plaintiff was not precluded from performing simple tasks in the light and sedentary categories with certain sit/stand/walk limitations."  Id. at *1.  In determining whether the ALJ had reopened the prior claim, the court noted:

> Clearly, a Law Judge and the Commissioner, for that matter, is granted some leeway in ascertaining whether any portion of a claim being decided is the same as one already finally determined against the claimant. Borrowing from more current lingo, a Law Judge may 'sneak and peak [sic]' into the evidence offered in support of a current claim in order to ascertain whether [the claim] is nothing more than a back door attempt to reopen a prior claim barred by administrative *res judicata*, but to do much more risks actually considering the prior claim.

Id. at *4. Thus, the court determined that the ALJ did much more than "sneak a peek" at the evidence related to the prior claim, finding that the ALJ not only indicated that he had considered all the evidence concerning plaintiff's mental health claims, but also made a determination that plaintiff's disability commenced June 15, 2004 "and not earlier." Id.

Here too, this Court is not yet quite convinced that the ALJ confined his decision to merely determining if there was evidence to reopen the 2005 decision. Yes, the ALJ did explicitly state that he "did not find good cause to reopen [the 2005] claim"; however, his other statements regarding the 2005 claim are at odds with a finding that he merely considered whether to reopen that claim. The ALJ did not apply res judicata to dispose of any of the claims in this Court's opinion; instead, he appears to have reviewed both claims on the merits, including reviewing the evidence in support of both claims, finding that Plaintiff was disabled from March 2, 2007 forward but not from May, 2005 to March 2, 2007. As the Eleventh Circuit has noted, its decision in Cherry suggests that, "the [Commissioner's] final decision will be deemed reopened if the ALJ does not apply *res judicata* and bases an ultimate determination on a review of the record in the prior application." Passopulos v. Sullivan, 976 F.2d 642, 646 (11th Cir. 1992) (citing Cherry, 760 F.2d at 1189) (emphasis in original).

This Court concedes that had the ALJ simply stated that he did not find "good cause" to reopen the case without also stating that "the medical evidence from 2005 supports that Ms. Sweat was capable of a reduced range of light or sedentary work," that it may have overruled

Plaintiff's objection.  However, the ALJ's statement about Plaintiff's work capacity during 2005, combined with other statements that the ALJ made at the hearing, indicate that the ALJ was willing to (and did indeed) look into the merits of Plaintiff's disability claim for the period 2005-2007.  Though finding in favor of a <u>de facto</u> reopening based on the ALJ's generosity may seem unfair, the Court is guided by the principle that any "reconsider[ation] on the merits to any extent" constitutes a reopening.  <u>See</u> <u>Cherry</u>, 760 F.2d at 1190 n.4.

Finally, although this Court does note that other courts in this Circuit have concluded that the phrase "reconsidered on the merits to any extent" is not broadly interpreted in the Eleventh Circuit.  <u>See</u> <u>Johns v. Apfel</u>, No. 99-W-1404-N, 2000 WL 33287443, at *2 (M.D. Ala. Dec. 7, 2008) ("While Eleventh Circuit opinions have used broad language stating that jurisdiction exists if a case is 'reconsidered on the merits to any extent,' this exception to the rule set forth in <u>Califano</u> has not been applied broadly.")  This Court finds, however, that there is sufficient evidence in this case for finding that it would not result in too broad of a construction of the phrase "reconsidered on the merits to any extent" to determine that the instant decision was a reconsideration on the merits.

Here, unlike in <u>Johns</u>, the ALJ did not make clear that he was merely reviewing all of the evidence to determine if any errors had been made in the previous decision.  <u>Id.</u> at *3 (concluding that the "ALJ evaluated the plaintiff's earnings record, determined that it did not reveal that the previous ALJ had erred and, accordingly, that plaintiff had not demonstrated good cause for reopening pursuant to 20 C.F.R. § 404.988").  Nor did he simply comment on Plaintiff's condition pre-March 2, 2007.  <u>E.g.</u>, <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1237 (11th Cir. 1991) ("Although the Appeals Council and the ALJ commented on [plaintiff's] condition prior to March 1, 1981 while considering her second application, they did so while considering newly

proffered evidence, and these statements did not amount to a reconsideration of the merits of the denied first application.")  Or simply indicate that he was merely using the earlier evidence to support his finding that Plaintiff was disabled as of March 2, 2007.[3]  Huebner v. Astrue, No. 8:11-cv-872, 2012 WL 3893565, at *5 (M.D. Fla. Aug. 20, 2012) ("While it is clear that the ALJ evaluated evidence from a period overlapping the Plaintiff's previous application for Title XVI benefits, the Court finds that the ALJ did not reconsider the Plaintiff's disability for the prior period, but rather used that evidence in support of his finding that the Plaintiff was disabled as of December 2007.")

Quite the reverse, in this case, the ALJ's statements indicate that he undertook his own independent review to determine whether there was evidence to support disability from 2005 to March 2, 2007.  In this sense, the Court finds no reason to distinguish such a review from what would have actually taken place during a formal reopening.  Accordingly, the Court finds that the Commissioner's Motion to Dismiss should not be granted on the reopening ground and finds that the Court retains jurisdiction to review whether the ALJ's decision that Plaintiff was not disabled from May 1, 2005 to March 2, 2007, is supported by "substantial evidence," and whether the ALJ's decision can be affirmed.  See Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996) ("When we determine that an ALJ has reopened a prior decision, we have jurisdiction to review the prior decision to the extent that it has been reopened.  On review, our task is to determine if the Secretary's denial of disability is supported by substantial evidence.") (citing 42 U.S.C. § 405(g)) (additional citations omitted).  If Judge Langstaff determines that there were errors in the prior decision that would entitle Plaintiff to benefits during the subject period, he

---

[3] The Huebner case has some similarities to the case at bar.  However, in Huebner, the Court found that the ALJ did not conduct an analysis of the evidence from the prior period of disability to determine if the plaintiff was disabled during the time period.  In contrast, here, the ALJ makes specific statements to imply that he did conduct an analysis to determine if plaintiff was disabled during the period from May, 2005 to March 2, 2007.

may recommend remanding the case back for a review of the prior closed application.  Id. (explaining the procedure for a review following a finding of a de facto reopening and noting that if it is determined that there were errors in a prior decision that would entitle a claimant to benefits that he has been denied, then the case should be remanded for a reexamination of the prior closed application) (citing Jelinek v. Heckler, 764 F.2d 507, 509-11 (8th Cir. 1985))).

II.    **CONCLUSIONS**

        For all of the foregoing reasons, the Court **SUSTAINS** Plaintiff's Objection as to whether the ALJ's actions constituted a de facto reopening of her 2005 application.  For reason of the findings made and reasons stated in the Recommendation together with the reasons stated and conclusions reached herein, U.S. Magistrate Judge Langstaff's March 9, 2012 Report and Recommendation (Doc. 17) is **ACCEPTED-** and **ADOPTED-IN-PART** and **DENIED-IN-PART** as follows.  Consistent with Judge Langstaff's Report and Recommendation, the Court finds that summary judgment should be granted to the Commissioner on Plaintiff's constitutional claim.  However, as to the issue of reopening, this Court finds that Plaintiff has sufficiently stated a claim of a de facto reopening and that this Court retains subject matter jurisdiction to review Plaintiff's claim of disability for the period 2005 to 2007.  Accordingly, this matter is **REMANDED** to U.S. Magistrate Judge Langstaff for briefing from the parties as to whether the ALJ's determination that Plaintiff was not disabled from the period May 2005 to March 2, 2007, should be affirmed in accordance with 42 U.S.C. § 405(g).

        **SO ORDERED**, this  17th   day of September, 2012.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**